IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| | ) | Civil Action No. 3:17-cv-1612 |
| BARBARA SUSZONNE PARKER JOBE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

COMPLAINT

Plaintiff Barbara Suszonne Parker Jobe, through her attorney, G. Gregory Green, for her Complaint in the captioned action, hereby states and alleges as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff BARBARA SUSZONNE PARKER JOBE is a citizen and resident of the State of Louisiana.

2. Defendant Lincoln National Life Insurance Company(hereinafter referred

to as Lincoln National ), is a foreign corporation authorized to transact business in the State of Louisiana.

3. Defendant Lincoln National Life Insurance Company Long Term Disability Plan (the "Plan") is an "employee welfare benefit plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.A. §§ 1001 to 1461. The Plan is sponsored by Lincoln National Life Insurance Company for the benefit of certain employees of Richland Parish Hospital Service District No. 1 at their Hospital located in Rayville, Louisiana. Lincoln National is named as the administrator of the Plan.

4. Lincoln National insures benefits under the Plan, and is authorized and required to determine claims for benefits under the Plan.

5. Because this action arises under ERISA, this court has original subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(e) and 28 U.S.C.A. § 1331.

6. Venue is proper in this District because certain breaches of the Plan, as set forth below, took place in this District, because Plan benefits were denied to Plaintiff, and because Plaintiff applied for and was denied Plan benefits in this District.

7. At all times pertinent hereto, Plaintiff was employed by Richland Parish Hospital Service District No. 1. Throughout her employment, Plaintiff was a participant in the Plan.

8. Plaintiff has suffered from Narcolepsy, fatigue and joint pain beginning in 2013, was diagnosed with Narcolepsy in December 2014. This condition has progressively worsened. Plaintiff's ability to perform the duties of her occupation became progressively more difficult. Effective May 5, 2013, claimant was found to meet the requirements of disability under the Social Security Act.

9. Plaintiff applied for long term disability benefits under the Plan after July 2, 2016, by submitting to Lincoln National a completed application form, a

physician's statement, and all other documents as required by Lincoln National.

10. On July 2, 2016, all disability payments to plaintiff under the plan ceased.

11. On February 21, 2017, Plaintiff appealed this determination by letter. The basis of the denial was as follows:

(a) Lincoln National asserted that Plaintiff was able to return to numerous other jobs they identified on the basis of a report issued by a "Neurologist/Internal Medicine Specialist" who reviewed her medical records and a job decsription.

(b) Lincoln National asserted that Plaintiff was able to perform a full range of sedentery work.

12. On or about September 13, 2017, Plaintiff's final administrative appeal was denied by Lincoln National.

13. Plaintiff has received no disability benefits since Lincoln National discontinued payment of her disability benefits on July 2, 2016.

CLAIM FOR RELIEF

14. Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 13 above.

15. Plaintiff has fulfilled all conditions for receipt of benefits under the Plan, and has presented such evidence to Lincoln National .

16. Lincoln National has wrongfully denied Plaintiff's claim for benefits under the Plan. Lincoln National has made unsupported factual conclusions, and has misconstrued the terms of the Plan, in reaching its determination to deny Plaintiff's claim for benefits.

17. Lincoln National 's denial of Plaintiff's claim for benefits is a result, at least in part, of the conflict between Lincoln National 's fiduciary obligations to plan participants when determining claims under the Plan, and its interest

in maximizing its own profitability. This result of conflict of interest has been demonstrated in a number of ways, including but not limited to the following:

(a) Lincoln National has refused to consider information from Plaintiff's physician, which provided explanation for the disability suffered by Plaintiff.

(b) Lincoln National has refused to consider that Plaintiff is incapable of returning to her former job as performed at Richland Parish Hospital Service District No. 1 because she is capable of performing less than a full range of sedentary work as defined by the policy.

(c) Lincoln National 's review of the denial of Plaintiff's claim was conducted by the same division of the company which denied Plaintiff's initial claim for benefits.

20. Lincoln National 's denial of Plaintiff's claim for benefits is contrary to the terms of the Plan and contrary to the evidence and information submitted to Lincoln National. Lincoln National's denial of Plaintiff's claim is therefore wrongful.

21. Plaintiff is entitled to recover benefits under the Plan. Plaintiff is also entitled to an Order of the Court clarifying her rights under the Plan, adjudging that Plaintiff met the disability requirement of the Plan.

22. Plaintiff has incurred, and will continue to incur, attorneys' fees, costs and expenses in bringing and prosecuting this action. Plaintiff entitled to an award of such attorneys' fees, costs and expenses pursuant to 29 U.S.C.A. § 1132(g).

WHEREFORE, Plaintiff prays that the Court enter judgment in his favor, and against Defendants, as follows:

(a) By entering judgment requiring Lincoln National to pay Plaintiff all benefits due under the Plan, commencing with the first day such benefits were due and continuing through the date of judgment;

(b) By entering judgment clarifying that Plaintiff has fulfilled all terms and conditions of the Plan for receipt of benefits, and that Plaintiff is entitled to continue to receive benefit in the absence of evidence supporting the

conclusion that Plaintiff's condition has changed such that Plaintiff is no longer totally disabled;

(c) By awarding to Plaintiff his attorneys' fees, costs and expenses as provided under 29 U.S.C.A. § 1132(g); and

(d) By awarding such other and further relief as is just and proper.

DATED this 13 day of December, 2017.

Respectfully submitted,
s/G. G. Green
G. GREGORY GREEN
409 BRES AVENUE
MONROE, LA. 71201
Phone: 1-(318)-322-4477
Fax: 1-(318)-322-4478
E-mail: lawofficegggreen@aol.com
ATTORNEYS FOR PLAINTIFF
BARBARA SUSZONNE PARKER JOBE